IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

OMAR SCOTT,                          )
                                     )
            Plaintiff,               )
                                     )
vs.                                  )        Case No. 21-cv-1331-NJR
                                     )
                                     )
DEE DEE BROOKHART, JENNING,          )
MS. CUNNINGHAM, LANIRE, and          )
WEXFORD,                             )
                                     )
            Defendants.              )

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Omar Scott, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Lawrence Correctional Center ("Lawrence"). On October 25, 2021, Scott filed his Complaint (Doc. 1) alleging Defendants delayed access to his prescription medications in violation of the Eighth Amendment. Scott's motion to proceed *in forma pauperis* was denied, and he was directed to pay the full filing fee. He failed to do so, and his case was dismissed without prejudice on December 8, 2021 (Doc. 7).

On December 23, 2021, Scott filed a motion to reconsider (Doc. 9) arguing that he never received the Order to pay the full filing fee and was not aware of the pending deadline. The Court granted his motion to reconsider and directed him to pay the full

filing fee. On January 11, 2022, he paid an initial portion of the filing fee; the remainder was paid on February 4, 2022. On February 8, 2022, the Court re-opened the case (Doc. 12).

The case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Scott makes the following allegations in the Complaint (Doc. 1): Scott is diabetic and has high blood pressure; he takes prescription medications for both conditions. On October 25, 2019, he placed a prescription refill sticker for both medications in the sick call box. His refill request was placed eight days before his prescription ran out (Doc. 1, p. 13). On October 30, 2019, he also sent a request to the healthcare unit letting them know he only had three days of medication (*Id.*).

On November 2, 2019, he sent a second request to the healthcare unit because he had gone a full day without his medication (*Id.*). He sent the second request directly to Cunningham (*Id.*). On November 3, 2019, he woke up with numbness in his hands and feet and excruciating pain (Id.). Because of the pain and numbness he wrote a third request, labeled as an emergency, due to his declining condition. This request was also sent directly to Cunningham. He also requested an A1C test to check on his diabetes. On

2

November 4, 2019, he again woke up with numbness as well as a headache. He asked a sergeant to call the healthcare unit but the sergeant informed Scott that the healthcare unit did not return his calls (*Id*.). According to the grievance officer's response to his grievance, he received his medications on November 4, 2019 (*Id*. at p. 11).

### Preliminary Dismissals

Although Scott identifies Dee Dee Brookhart, Jenning, and Sergeant Lanire in the caption of his case, he fails to include any allegations against them in his statement of claim. Because Scott fails to allege any facts that suggest these individuals acted with deliberate indifference, they are **DISMISSED without prejudice**.[1]

Scott also identifies Wexford in the caption of his Complaint but fails to include any allegations against Wexford in his statement of claim. A corporation like Wexford cannot be liable on the basis of *respondeat superior*, or supervisory, liability because it is not recognized under Section 1983. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). Wexford will only be liable for deliberate indifference if an unconstitutional policy or practice of the corporation caused the constitutional deprivation. Scott fails to identify any policy or practice that delayed the renewal of his prescription. Thus, he fails to state a claim, and Wexford is **DISMISSED without prejudice**.

---

[1] Scott does identify a sergeant in his statement of claim, but it is not clear whether the sergeant is sergeant Lanire. Further, Scott merely alleges that the sergeant called the healthcare unit to obtain information about Scott's prescriptions, but the healthcare unit never returned the sergeant's phone call. These actions do not suggest any deliberate indifference on the sergeant's part.

<u>Discussion</u>

Based on the allegations in the Complaint, the Court designates the following count:

**Count 1:** **Eighth Amendment deliberate difference claim against Ms. Cunningham for delaying the renewal of Scott's prescriptions.**

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

At this stage, Scott states a viable deliberate indifference claim against Ms. Cunningham. Although he only alleges a three-day delay in receiving his renewal, Scott alleges he suffered excruciating pain, numbness, and headaches as a result of the delay. He also alleges that he contacted Cunningham on several occasions and she never responded. These allegations state a viable claim. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment) ("Even a few days' delay in addressing a severely painful but readily treatable condition suffices to state a claim…").

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Disposition

For the reasons stated above, Count 1 shall proceed against Cunningham. All other claims and parties are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants Cunningham: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Scott. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Scott, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Scott, and the judgment includes the payment of costs under Section 1915, Scott will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Scott is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

DATED:  February 25, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

<u>**Notice to Plaintiff**</u>

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**